1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RYAN BRAN KNOWLES-BROWDER,

11            Plaintiff,                        No. CIV S-05-1260 FCD DAD P

12        vs.

13   CALIFORNIA FORENSIC MEDICAL
     GROUP STAFF, et al.,

14

15            Defendants.                       ORDER

16   _____/

17          In this order the court addresses five requests and motions filed by the pro se

18   plaintiff.  The filings are addressed in the order in which they were docketed.

19          Plaintiff has filed a fourth motion for appointment of counsel.  Plaintiff has been

20   informed that district courts lack authority to require counsel to represent indigent prisoners in

21   § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  Plaintiff has also

22   been informed that in certain exceptional circumstances the court may request the voluntary

23   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

24   (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  Plaintiff asserts

25   that his case is complex and claims that he is "routinely denied access to a legal library despite

26   orders and deadlines from this Court."  (Pl.'s Mot. & Decl. for Appointment of Counsel filed

                                                 1

1  Feb. 2, 2006, at 1.)  Most pro se litigants believe that their cases are complex, and all prisoners

2  find that their access to law libraries is limited.  In the absence of exceptional circumstances,

3  plaintiff's fourth motion for appointment of counsel will be denied.

4         Plaintiff has filed a motion for a court order providing him with an expert witness

5  to perform a psychiatric evaluation of plaintiff.  Plaintiff states that he is a mental health patient

6  taking psychotropic medications and that this action "has to do directly with the lack of mental

7  health treatment and denial of medications" for his diagnosed conditions.  (Pl.'s Mot. for

8  Psychiatric Evaluation of Pl. at 2.)  Plaintiff contends that it is in the best interest of all parties

9  that plaintiff be psychologically evaluated for this litigation.  Plaintiff cites no legal authority in

10  support of his motion.  This case concerns mental health care plaintiff received when confined in

11  a county jail for a few months at the end of 2004 and early 2005.  The defendants in the action

12  are a doctor and a nurse employed at the county jail.  Plaintiff has been in state custody for some

13  time, and the persons currently responsible for his mental health care are not defendants in this

14  action.  Plaintiff has not demonstrated that it is necessary or appropriate for the court to appoint

15  an expert witness to evaluate him at this time, and his motion will be denied.

16         Plaintiff has filed a document titled "Request for Discovery."  The document

17  appears to be addressed to defendants' counsel.  Plaintiff was advised in the court's Discovery

18  Order filed October 21, 2005, and again in the court's order filed November 17, 2005, that

19  discovery requests "shall be served by the parties pursuant to Federal Rule of Civil Procedure 5

20  and Local Rule 5-135 but shall not be filed with the court except when required by Local Rules

21  30-250(a), 33-250(c), 34-250(c), and 36-250(c)."  Plaintiff is instructed for the third time to send

22  his discovery requests directly to defendants' counsel and not to send copies to the court.  (See

23  Order filed Nov. 17, 2005, at 1-2; Discovery Order filed Oct. 21, 2005, at 1.)  Plaintiff's

24  improperly filed request for discovery will be disregarded.

25         Plaintiff has filed a document titled "Motion for Transcripts to Be Taken at all

26  Hearings for Plaintiff."  Plaintiff states that he is unable to attend hearings due to his

1 incarceration and asks that transcripts be prepared for every hearing and mailed to him.  In

2 general, matters in prisoner cases are resolved on the papers filed by the parties.  If any hearing is

3 held or if a trial is conducted in this case,  plaintiff will be present, either in person or by

4 videoconferencing.  The court will make the necessary arrangements and issue such orders as are

5 appropriate at the proper time.  Plaintiff's request for transcripts of hearings at which he is not

6 present will be denied as unnecessary.

7             Plaintiff has filed a document titled "Request for Evaluation to Be Allowed into

8 Evidence."  Plaintiff seeks leave to offer a psychiatric evaluation performed by John J. Wicks, a

9 psychologist, while plaintiff was housed in Mule Creek State Prison.  Plaintiff is informed that

10 evidence may not be submitted to the court merely for storage, but all parties are free to submit

11 relevant evidence at trial or, before trial, as exhibits to a motion or opposition to a motion.  All

12 evidence is subject to the Federal Rules of Evidence.  Plaintiff's motion for permission to offer

13 evidence will be denied as unnecessary.

14             Accordingly, IT IS ORDERED that:

15             1.  Plaintiff's February 2, 2006 motion for appointment of counsel is denied;

16             2.  Plaintiff's February 2, 2006 motion for psychiatric evaluation of plaintiff is

17 denied;

18             3.  Plaintiff's February 2, 2006 request for discovery is disregarded;

19             4.  Plaintiff's February 6, 2006 motion for transcripts is denied as unnecessary;

20 and

21             5.  Plaintiff's March 21, 2006 request for evaluation to be allowed into evidence is

22 denied as unnecessary.

23 DATED: April 10, 2006.

24

25

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

26 DAD:13
know1260.31fplus

3