1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RYAN BRAN KNOWLES-BROWDER,

11               Plaintiff,                    No. CIV S-05-1260 FCD DAD P

12        vs.

13   CALIFORNIA FORENSIC MEDICAL
     GROUP STAFF, et al.,
14
                Defendants.                    FINDINGS AND RECOMMENDATIONS
15   _____/

16               Plaintiff is a former state inmate proceeding pro se with a civil rights action.  The

17   matter is before the court on defendants' motion for summary judgment.

18                                    BACKGROUND

19               Plaintiff was confined at Mule Creek State Prison ("Mule Creek") when he

20   commenced this action in 2005.  By a notice of change of address filed August 2, 2006, plaintiff

21   notified the court of his new residence at a private address in Stockton.

22               This case is proceeding on plaintiff's original complaint, which was received in

23   the United States District Court for the Central District of California on April 27, 2005.  The case

24   was transferred to the United States District Court for the Eastern District of California on June

25   23, 2005.  By order filed July 6, 2005, the undersigned found that plaintiff's complaint states

26   cognizable claims against defendants Joy Lynch, R.N., and Dr. Lester Cottrell, M.D.

                                            1

1    Plaintiff's claims concern the medical care he received while in custody in

2 Amador County in 2004 and 2005.  Plaintiff alleges that defendants Lynch and Cottrell, contract

3 providers of medical care for Amador County, acted with deliberate indifference to his serious

4 medical needs by denying psychiatric medication and adequate mental health treatment.

5    In particular, plaintiff alleges that the drug "Stratera," a non-narcotic medication

6 for anxiety attacks, hyperactive ADD, and panic attacks, was denied beginning on November 15,

7 2004.  Plaintiff alleges as follows:  he was forced to withdraw from his medication; his mental

8 state got worse; he suffered anxiety attacks, paranoia, and violent mood swings; he could not

9 control his anger or behavior; he started getting into trouble for angry outbursts and anxiety

10 attacks; he was sent to Mule Creek as a "safe keeper" because the Amador County Detention

11 Facility could not control him; he was in anguish over the situation he was in at Mule Creek,

12 trying to fight his court case while on lockdown 24 hours a day in a state prison.

13    Plaintiff alleges that defendants failed to provide medications, failed to provide

14 medical treatment due to his indigence, and failed to provide medical care and medication due to

15 prejudice against mental health needs.  Plaintiff seeks financial compensation in the amount of

16 one million and five hundred thousand dollars for ongoing mental anguish as well as full medical

17 benefits for the rest of his life.

18    The United States Marshal served plaintiff's complaint on both defendants, who

19 filed their answers to the complaint on October 5, 2005.  A discovery order was issued on

20 October 21, 2005.  Pursuant to the court's order filed January 19, 2006, the parties have filed

21 status reports.  The court has deferred issuing a scheduling order pending disposition of

22 defendants' motion for summary judgment filed March 16, 2006.  Plaintiff filed opposition to

23 defendants' motion on April 5, 2006.  On April 19, 2006, plaintiff filed supplemental opposition

24 pursuant to the court's April 10, 2006 order, and defendants filed a reply on the same date.

25 /////

26 /////

STANDARDS FOR SUMMARY JUDGMENT PURSUANT TO RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  Summary judgment should be granted "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material in support of the contention that a dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The party opposing summary judgment must show that any fact in contention is material, i.e., a fact that might affect the outcome of the suit under

3

1   the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury

2   could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S.

3   242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630

4   (9th Cir. 1987); Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

5            In trying to establish the existence of a factual dispute, the party opposing

6   summary judgment need not establish a material issue of fact conclusively in his or her favor.  It

7   is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

8   parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the

9   "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see

10  whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P.

11  56(e) advisory committee's note on 1963 amendments).

12           The evidence of the party opposing summary judgment is to be believed, and all

13  reasonable inferences that may be drawn from the facts placed before the court must be drawn in

14  favor of the party opposing summary judgment.  See Anderson, 477 U.S. at 255; Matsushita, 475

15  U.S. at 587.  Inferences will not be drawn out of the air, however; it is the opposing party's

16  obligation to produce a factual predicate from which an inference may be drawn.  See Richards v.

17  Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902

18  (9th Cir. 1987).  The opposing party "must do more than simply show that there is some

19  metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not

20  lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"

21  Matsushita, 475 U.S. at 587 (citation omitted).

22           On July 27, 2005, the court advised plaintiff of the requirements for opposing a

23  motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v.

24  Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th

25  Cir. 1988).

26  /////

LEGAL STANDARDS APPLICABLE TO PLAINTIFF'S CLAIMS

The Civil Rights Act under which plaintiff is proceeding provides that

> [e]very person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the present action, plaintiff's claims arise under the Eighth Amendment.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. at 106.  Such a claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).  A medical need is serious "if the failure to treat the prisoner's condition could result in further

5

1   significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at

2   1059 (quoting Estelle v. Gamble, 429 U.S. at 104).  Indications of a serious medical need include

3   "the presence of a medical condition that significantly affects an individual's daily activities."

4   Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

5   objective requirement for proving an Eighth Amendment violation.   Farmer v. Brennan, 511

6   U.S. 825, 834 (1994).

7          If a prisoner establishes the existence of a serious medical need, he or she must

8   then show that prison officials responded to the serious medical need with deliberate

9   indifference.  Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when

10  prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown

11  by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d

12  390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been

13  abridged with regard to medical care, however, "the indifference to his medical needs must be

14  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

15  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing

16  Estelle, 429 U.S. at 105-06).  Deliberate indifference is "a state of mind more blameworthy than

17  negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or

18  safety.'"  Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

19         Delays in providing medical care may manifest deliberate indifference.  Estelle,

20  429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay, a plaintiff

21  must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994)

22  (per curiam); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.

23  1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State

24  Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

25         Mere differences of opinion between a prisoner and prison medical staff as to

26  proper medical care do not give rise to a § 1983 claim.  See Jackson v. McIntosh, 90 F.3d 330,

6

1  332 (9th Cir. 1996); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Franklin v. Oregon</u>, 662

2  F.2d 1337, 1344 (9th Cir. 1981).

3                    THE PARTIES' ARGUMENTS AND EVIDENCE

4  I.  <u>Defendants' Motion</u>

5           Defendants seek judgment in their favor on the ground that their care and

6  treatment of plaintiff met the applicable standard of care and that the decision to withhold the

7  drug Strattera was medically appropriate and within the applicable standard of care based on the

8  information available to defendants at the relevant time.

9           Defendants offer a declaration by Bernard S. Rappaport, M.D., dated March 9,

10  2006.  Dr. Rappaport is a medical doctor with a specialty in psychiatry as well as a Diplomate of

11  the American Board of Psychiatry and Neurology; he is licensed to practice medicine in the State

12  of California.  (Mot. for Summ. J., Rappaport Decl. ¶ 1.)  Dr. Rappaport provides a copy of his

13  curriculum vitae.  (<u>Id.</u> ¶ 2 & Ex. A.)

14           In his medical practice, Dr. Rappaport has examined, diagnosed, and treated

15  patients with suspected adult and juvenile attention deficit disorder as well as patients with

16  bipolar and other psychiatric problems.  (<u>Id.</u> ¶ 3.)  He is familiar with the appropriate use of

17  drugs, including Strattera, for treatment of patients in appropriate circumstances and the medical

18  standard of care applicable to such treatment.  (<u>Id.</u>)  He was provided with and reviewed the

19  following documents pertaining to plaintiff:  (a) Amador County Jail medical file; (b) Deuel

20  Vocational Institution medical file; and (c) plaintiff's discovery responses and records from Mule

21  Creek.  (<u>Id.</u> ¶ 4.)

22           Dr. Rappaport's opinion concerning plaintiff's treatment is as follows:

23           In my professional medical opinion the decision by Dr.
         Lester Cottrell to withhold any use of the drug Strattera or any
24       other drug designed to treat only confirmed cases of attention-
         deficit/hyperactivity disorder ("ADHD") was medically appropriate
25       and within the applicable standard of care for the following
         reasons:

26  /////

                                        7

(a)  Mr. Knowles-Browder has a history of using illicit drugs including heroin, cocaine, methamphetamine and marijuana (See CFMG Medical Records, dated 10/24/01 and 10/26/01 attached hereto as Exhibit B);

(b)  Mr. Knowles-Browder has a history that includes reports of depression and psychosis with hallucinations and paranoia as well as a reported family history of schizophrenia in his father and bipolar disorder for his mother (San Joaquin records 2/12/04 attached hereto as Exhibit C);

(c)  Although there are references by history to a diagnosis of "ADHD," there are no medical records that reflect the actual determination of such condition.  For example, the San Joaquin Progress Note by the crisis M.D. on 2/19/04 refers to "history of ADHD" along with the fact that Plaintiff had stopped taking Ritalin 2 years earlier.  The very same record does contain a psychiatric diagnosis of bipolar disorder as well as mixed polysubstance dependency by history (attached as Exhibit D);

(d)  The fact that "ADHD" was only a "presumed" diagnosis is also reflected in the emergency room note from Sutter Amador dated 10/28/04 referring to "ADHD" as "presumed diagnosis" and that there would be a "trial" of Strattera but that Mr. Knowles-Browder needed to have a primary care doctor or psychiatrist check to see if there were adverse effects from such trial (attached hereto as Exhibit E);

(e)  On 11/2/04 the San Joaquin records reflect the existence of increased paranoid ideation after using "speed" and that Mr. Knowles-Browder had "used [illicit drugs] 3 times last week."  (Attached hereto as Exhibit F);

(f)  Mr. Knowles-Browder was "under the influence of drugs" on 11/15/04 at the time of his incarceration and on 11/16/04.  Mr. Knowles-Browder was informed, appropriately, that there would be no Strattera provided until the psychiatric records were evaluated and a request for those San Joaquin records was sent by jail staff (attached as Exhibit G);

(g)  In my opinion the use of Strattera is contraindicated in patients with a family history of bipolar disorder and schizophrenia where the patient, himself, has been treated for suspected bipolar disorder and has a history of illicit drug abuse;

(h)  Strattera is a selective norepinephrine re-uptake inhibitor (atomoxetine HCL).  A diagnosis of ADHD (DSM IV) if one were actually made would imply the presence of hyperactive-impulsive or inattentive symptoms that caused impairment before the age of 7.  There is no such indication in Mr. Knowles-Browder's records.  The symptoms, to be diagnostic, must not be

8

better accounted for by another mental disorder.  Treatment with
Strattera is not indicated for, or intended to be used with, patients
who exhibit symptoms secondary to such environmental factors as
being incarcerated or primary psychiatric disorders such as the
bipolar diagnosis for Mr. Knowles-Browder included in the San
Joaquin Records (attached hereto as Exhibit C & D).

It is my opinion, therefore, that the decision to withhold
Strattera by Dr. Cottrell was not only within the applicable
standard of care and based upon sound medical judgment but
mandated medically by the absence of any confirmed previous
diagnosis of ADHD and even more importantly by the <u>confirmed</u>
and <u>diagnosed</u> presence of psychiatric disorders which in my view
were and are the primary cause of the symptoms subjectively
reported by Mr. Knowles-Browder.  Any use of Strattera, then,
during the time that Mr. Knowles-Browder was at the Amador
County Jail from the time of his incarceration in 2004 to discharge
from the jail was contraindicated.

(<u>Id.</u> ¶¶ 5 & 6[1].)

Defendants also offer a declaration by defendant Joy Lynch, R.N., dated March 9,
2006.  Defendant Lynch is the custodian of records and charge nurse for California Forensic
Medical Group, Inc., for the Amador County Jail and a registered nurse licensed by the State of
California.  On November 16, 2004, after plaintiff was incarcerated at the Amador County Jail,
defendant Lynch prepared a release for plaintiff's medical records, as requested by defendant Dr.
Cottrell so that he would have the psychiatric and medical records of prior treatment and
diagnoses before determining if medications were appropriate for plaintiff.  On November 30,
2004, defendant Lynch received a response from San Joaquin Mental Health indicating that they
had no record of plaintiff as a patient.  She sent another release and received a request for
information previously provided.  She highlighted the information in a copy of the release sent
previously and sent the request again.  The records were finally received and were reviewed by
defendant Cottrell.  Defendant Lynch communicated to plaintiff that Dr. Cottrell had determined,
based on the information available, that Strattera was not medically indicated for him.

---

[1] Paragraph 6 is misnumbered as paragraph 8 in the declaration.

1   Defendants argue that there can be no deliberate indifference where, as here, the

2   care and treatment of the patient meets the applicable standard of care.  Defendants reason that

3   medical care provided in compliance with the applicable standard of care cannot be a basis for a

4   finding of deliberate indifference because such care would not even reach the level of

5   malpractice, much less the stringent standard for deliberate indifference.  Defendants argue that

6   their response to plaintiff's medical needs was proper based on plaintiff's patient history that was

7   available to defendants during his incarceration in the Amador County Jail.

8   Defendants assert that plaintiff's disagreement with them regarding use of

9   Strattera is based solely on the fact that an emergency room doctor at Sutter Amador had started

10  plaintiff on a trial of the drug.  Defendants note that the trial of the drug was described in the

11  Sutter Amador medical records as subject to the review and decision making by a physician more

12  involved in the ongoing care of plaintiff.  Defendants argue that, even if there were a genuine

13  dispute between doctors concerning the use of Strattera for plaintiff, such disagreement as to the

14  proper course of treatment does not rise to the level of a constitutional violation unless the

15  plaintiff can show that the course of treatment chosen was medically unacceptable under the

16  circumstances and was chosen in conscious disregard of an excessive risk to the plaintiff's

17  health.  Defendants conclude that plaintiff cannot show such disregard where it is the medical

18  opinion of a Board-certified psychiatrist familiar with the treatment of patients diagnosed with

19  ADHD that plaintiff's own medical and psychological history supported the choice to withhold

20  Strattera.

21  II.  Plaintiff's Opposition

22  Plaintiff asserts that defendants have not met their burden of demonstrating that

23  there is no dispute as to any material fact.  He contends that his own statement of material facts

24  and attached evidence show that the defendants clearly violated his rights.  He argues that

25  defendants' motion should be denied because it does not dispose of all material facts.  He

26  /////

1  characterizes defendants as contending that they did all they could do for him by not providing

2  medication or treatment for known or suspected mental health problems.

3        Plaintiff contends that he provided defendants with "several of the needed

4  records," including "scripts" from the Amador hospital, his prescribed medication, the phone

5  number of the doctor who prescribed Strattera for him, and the phone number of the mental

6  health worker he was seeing in San Joaquin County.  Plaintiff notes that he was on 24-hour

7  surveillance and was observed on numerous occasions by jail staff showing clear signs of mental

8  distress, which he regards as evidence that staff were aware of his problems and did not care.

9        Plaintiff argues that defendants knew he was having problems, did not refer him

10  for treatment, let his problems escalate until he "flipped out," and still did nothing to help him.

11  He contends that he was on Strattera, a non-narcotic, non-amphetamine medication, at the time

12  of his arrest and did not receive this medication or any treatment for mental health care while he

13  was incarcerated in the Amador County Jail.  Plaintiff cites three occasions when he suffered

14  panic attacks, was placed on the telephone to on-call medical staff, and still was not given any

15  form of treatment.  Plaintiff denies that Strattera was contraindicated in his case but asks

16  rhetorically why some other form of treatment was not given if that drug was contraindicated.

17        Plaintiff cites cases and concludes that the standard of care was not met by

18  defendants.  Plaintiff attaches medical records and discovery responses but does not cite specific

19  documents in support of his arguments.

20        By order filed April 10, 2006, plaintiff was advised of the requirements of Local

21  Rule 56-260(b) and was granted thirty days to file serve supplemental opposition in compliance

22  with the rule.  Plaintiff's supplemental opposition filed April 19, 2006, presents a "Statement of

23  Undisputed Facts."  The statement does not set forth each of defendants' undisputed facts and

24  admit or deny each fact.

25  /////

26  /////

11

1    With regard to defendants' undisputed fact No. 1, plaintiff offers argument

2    concerning the significance of his reported history of using illicit drugs.  Defendants' undisputed

3    fact No. 1 is admitted.

4    Plaintiff admits undisputed fact No. 2.

5    Plaintiff cites no evidence in support of his denial of that portion of undisputed

6    fact No. 3 stating he was under the influence of drugs at the time of his incarceration in

7    November 2004.  Defendants' undisputed fact No. 3 is admitted.

8    With regard to defendants' undisputed fact No. 4, plaintiff denies that the decision

9    to withhold Strattera was within the applicable medical standard of care and was the proper

10   treatment for him given his personal and family history of mental illness and his personal history

11   of using illicit drugs.  Plaintiff supports his denials with a citation to pages 12 to 17 of his

12   complaint and asserts that he "was on this medication for some time before his incarceration."

13   The documents cited by plaintiff include the record dated October 28, 2004, in which an

14   emergency room physician recorded his treatment decision to "try Strattera as directed to see if

15   benefit – need primary care doctor or psychiatrist to do ongoing prescriptions to check if any

16   adverse effects." (Compl. at 14.)  The emergency room physician also recorded that he "told

17   patient he needs primary care doctor/psychiatrist for any ongoing treatment but will give trial of

18   Strattera." (Id. at 15.)  Plaintiff was incarcerated on November 15, 2004, less than three weeks

19   after the trial of Strattera began.  Plaintiff cites no evidence that his primary care doctor or

20   psychiatrist prescribed Strattera on an ongoing basis and monitored plaintiff for adverse effects.

21   Plaintiff offers no probative evidence that the withholding of Strattera was not proper.

22   Defendants' undisputed fact No. 4 is therefore admitted.

23   With regard to defendants' undisputed fact No. 5, plaintiff asserts that he was

24   "very harmed" and subjected to cruel and unusual punishment by the delay in his treatment.  In

25   this regard, he cites pages 19 through 23 of his complaint.  Plaintiff's assertion is not responsive

26   to undisputed fact No. 5 as stated by defendants:  "The Plaintiff was not harmed by any delay on

1 the part of San Joaquin County in providing the full chart for Plaintiff since the use of Strattera

2 for Plaintiff was contraindicated."  The documents cited by plaintiff concerning his behavior in

3 the jail do not contradict defendants' undisputed fact No. 5, and the fact is therefore admitted.

4 III.  Defendants' Reply

5          Defendants assert that plaintiff's opposition fails to reveal the existence of any

6 triable issue of material fact as to the care provided to plaintiff by defendants.  Defendants

7 emphasize plaintiff's failure to produce any admissible evidence in support of his response to

8 their undisputed fact No. 4, that the decision to withhold Strattera was within the applicable

9 medical standard of care and constituted proper treatment for plaintiff given his history.

10                                                          ANALYSIS

11          The undersigned finds that defendants have satisfied their initial responsibility of

12 informing the court of the basis for their motion and of presenting evidence demonstrating the

13 absence of a genuine issue of material fact.  Defendants' evidence establishes that the decision

14 not to prescribe Strattera for plaintiff was within the applicable medical standard of care and was

15 the proper treatment in light of plaintiff's history.  In the absence of evidence that the defendants

16 were deliberately indifferent to plaintiff's serious medical needs, defendants have met their initial

17 burden of demonstrating entitlement to judgment in their favor on plaintiff's Eighth Amendment

18 claims.

19          The burden shifts to plaintiff to establish the existence of a genuine issue of

20 material fact.  After careful consideration of plaintiff's opposition, the undersigned finds that

21 plaintiff has offered no evidence that disputes defendants' undisputed facts.  Although plaintiff

22 disagrees with the professional opinion of Dr. Rappaport as summarized in defendants'

23 undisputed fact No. 4, he has not offered a professional opinion, or any other evidence, to rebut

24 defendant Dr. Rappaport's opinion.

25          "A scintilla of evidence or evidence that is merely colorable or not significantly

26 probative does not present a genuine issue of material fact" precluding summary judgment.

1   <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000).  <u>See</u> <u>also</u> <u>Summers v. A.</u>

2   <u>Teichert & Son, Inc.</u>, 127 F.3d 1150, 1152 (9th Cir. 1997).  On summary judgment the court is

3   not to weigh the evidence or determine the truth of the matters asserted but must only determine

4   whether there is a genuine issue of material fact that must be resolved by trial.  <u>See</u> <u>Summers</u>,

5   127 F.3d at 1152.  Nonetheless, in order for any factual dispute to be genuine, there must be

6   enough doubt for a reasonable trier of fact to find for the plaintiff in order to defeat a defendant's

7   summary judgment motion.  <u>See</u> <u>Addisu</u>, 198 F.3d at 1134.

8             After careful consideration of the evidence relied upon by plaintiff, the

9   undersigned finds that plaintiff has not provided even a scintilla of admissible evidence that

10  demonstrates the existence of a genuine issue of material fact that precludes summary judgment.

11  No evidence offered by plaintiff supports a conclusion that either defendant acted with the

12  substantial indifference required to support an Eighth Amendment claim of constitutionally

13  inadequate medical or mental health care.  Such indifference is an element essential to plaintiff's

14  constitutional claim, and plaintiff's complete failure of proof concerning the subjective element

15  of his claim renders all other facts immaterial.  Plaintiff has demonstrated nothing more than

16  dissatisfaction with defendants' decisions concerning his medication and a layperson's

17  disagreement with a doctor's decision on how to properly treat a patient's condition.  Summary

18  judgment should be entered for defendants.

19            Plaintiff is reminded that there is no mailbox rule for documents filed by persons

20  not confined in an institution.  Plaintiff's objections must be received for filing within the time

21  specified below, with the addition of three days due to the service of this order by mail.

22            Accordingly, IT IS RECOMMENDED that:

23            1.  Defendants' March 16, 2006 motion for summary judgment (#54) be granted;

24  and

25            2.  This action be dismissed.

26  /////

1        These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after these findings and recommendations are filed and served by the Clerk of the Court, any

4  party may file written objections with the court and must serve a copy of the objections on all

5  other parties.  A document containing objections should be titled "Objections to Findings and

6  Recommendations."  Any reply to objections shall be served and filed within ten days after

7  service of the objections.  The parties are advised that failure to file objections within the

8  specified time may, under certain circumstances, waive the right to appeal the District Court's

9  order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: January 25, 2007.

11

12

13                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE

14  DAD:13
     know1260.57

15

16

17

18

19

20

21

22

23

24

25

26